# NO. 12-22-00257-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| ***IN THE INTEREST OF A.S.M.,*** | § | *APPEAL FROM THE 307TH* |
| ***A CHILD*** | § | *JUDICIAL DISTRICT COURT* |
| | § | *GREGG COUNTY, TEXAS* |

## MEMORANDUM OPINION
### PER CURIAM

This appeal is being dismissed for failure to comply with the Texas Rules of Appellate Procedure.  *See* TEX. R. APP. P. 42.3(c).

Author J. Manning, II, acting pro se, filed a notice of appeal with this Court on September 16, 2022.  That same day, the Clerk of this Court notified Appellant that the notice of appeal failed to contain the information specifically required by Texas Rules of Appellate Procedure 9.5 and Section 51.017(a) of the Texas Civil Practice and Remedies Code.[1]  *See* TEX. R. APP. P. 9.5 (service); *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 51.017(a) (West Supp. 2019) (notice of appeal must be served on each court reporter responsible for preparing reporter's record).  The notice warned that, unless Appellant filed a proper notice of appeal on or before October 17, the appeal would be referred to the Court for dismissal.  This deadline passed and Appellant has not filed a compliant notice of appeal or otherwise responded to this Court's notice.

---

[1] Pro se litigants are held to the same standards as licensed attorneys and must comply with all applicable rules of procedure; otherwise, pro se litigants would benefit from an unfair advantage over parties represented by counsel.  ***Muhammed v. Plains Pipeline, L.P.***, No. 12-16-00189-CV, 2017 WL 2665180, at *2 n.3 (Tex. App.—Tyler June 21, 2017, no pet.) (mem. op.).

Because Appellant failed, after notice, to comply with Rule 9.5 and Section 51.017(a), the appeal is ***dismissed***.[2]  *See* TEX. R. APP. P. 42.3(c) (on its own initiative after giving ten days' notice to all parties, appellate court may dismiss appeal if appeal is subject to dismissal because appellant failed to comply with a requirement of these rules, a court order, or a notice from the clerk requiring a response or other action within a specified time).

Opinion delivered October 31, 2022.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

---

[2] We also note that the notice of appeal does not show this Court's jurisdiction, in that there is no final judgment or appealable order.  Nor has Appellant filed the required docketing statement.  *See* TEX. R. APP. P. 32.1.



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

### OCTOBER 31, 2022

### NO. 12-22-00257-CV

### IN THE INTEREST OF A. S. M., A CHILD

Appeal from the 307th District Court
of Gregg County, Texas (Tr.Ct.No. 2001-1995-DR)

THIS CAUSE came on to be heard on the appellate record, and the same being considered, it is the opinion of this Court that the appeal should be dismissed.

It is therefore ORDERED, ADJUDGED and DECREED by this Court that this appeal be, and the same is, hereby **dismissed**; and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*